UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
MIDDLE DIVISION

| | |
|---|---|
| GODWIN MCMUKORO OKPOMO, | ) ) ) |
| Petitioner, | ) ) |
| v. | ) **Case No.:** ) **4:17-cv-01002-AKK-SGC** ) |
| JEFF SESSIONS, ET AL, | ) ) |
| Respondents. | |

## MEMORANDUM OPINION

On June 15, 2017 Godwin McMukoro Okpomo filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. Doc. 1. At the time he filed his petition, Okpomo, a native of Nigeria, was incarcerated at the Etowah County Detention Center, in the custody of the Bureau of Immigration and Customs Enforcement ("ICE"). In his petition, Okpomo alleged that he was being illegally detained by ICE pending his deportation. On August 29, 2017, Okpomo was deported from the United States. Doc. 6-1. Respondents have filed a motion to dismiss the action as moot, since Okpomo is no longer in ICE custody. Doc. 6. For the reasons stated below, the motion is due to be granted.

Article III of the Constitution limits the jurisdiction of federal courts to the consideration of "cases or controversies." U.S. Const. art. III, § 2. The doctrine of mootness is derived from this limitation because "an action that is moot cannot be

characterized as an active case or controversy." *Adler v. Duval Cnty. Sch. Bd.*, 112 F.3d 1475, 1477 (11th Cir. 1997). A case is moot and must be dismissed if the court can no longer provide "meaningful relief." *Nyaga v. Ashcroft*, 323 F.3d 906, 913 (11th Cir. 2003) (citations omitted).

The relief sought by Okpomo in his petition is to be released from ICE custody. Where, as here, Okpomo is no longer in ICE custody, his petition has been rendered moot, unless an exception to the mootness doctrine applies. Because neither of the two exceptions to the mootness doctrine, "collateral consequences" or "capable of repetition yet evading review," *see Carafas v. LaVallee*, 391 U.S. 234, 237 (1968); *Murphy v. Hunt*, 455 U.S. 478, 482 (1982), apply here, there is no longer any relief that the court can grant to Okpomo, and his petition is due to be dismissed as moot.

Based on the foregoing, the Respondents' motion to dismiss, doc. 6, is **GRANTED**. A separate order will be entered.

**DONE** the 29th day of September, 2017.

_____
**ABDUL K. KALLON**
UNITED STATES DISTRICT JUDGE